Derbigny,J.
delivered the opinion of the court. This suit is brought in the name of the transferor, for the use of the transferee, of a note not negociable. The demand is made against the subscriber of the note, and against one only of two persons who signed it as sureties.
On this two questions arise. Could the transferor sue in his own name ? Could he sue one of the sureties, for the whole ?
*636 The first question is one of form, rather than of substance. The nominal plaintiff declares that he acts for the benefit of the real party. If he had entitled the suit, Robert H. Sterling, by his agent, John Filhiol, no objection could be made to that mode of proceeding. Instead of that, he calls himself, the plaintiff, for the use of Robert H. Sterling ; we do not think that this alteration ought to vitiate the proceedings. Filhiol shows himself to be the agent of the transferor, by presenting the note on which the suit is brought. He had the transferor’s authorisation to collect it ; whether he collects it amicably, or compels its payment by suit, in his name, for the use of his principal, he is within the line of his powers, as agent. We think that such a technical difficulty ought not to prevail.
With respect to his demand of the whole, against one of two sureties, who have not bound themselves in solidum nor renounced the benefit of division, we think that it is irregular and ought to be reduced to the half of the sum claimed.
It is therefore, ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed ; and that judgment be entered against Russel Jones for the whole amount of the *637 note, to wit: eleven hundred dollars, with interest since the judicial demand and costs ; and that judgment be entered against John Nancarrow, for the half of thatsum, and that execution be stayed against him, until the property of Russel Jones shall have been discussed.
Thomas for the plaintiff, Bullard for the defendants.